1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHARLES E. WIIG,

11              Petitioner,                   No. CIV S-10-1966 EFB P

12         vs.

13   IVES,

14              Respondent.              <u>ORDER</u>

15   _____/

16         Petitioner, a federal prisoner without counsel, seeks a writ of habeas corpus under 28

17   U.S.C. § 2241.  He is currently confined in the federal prison in Herlong, California.  He has

18   filed an application for leave to proceed *in forma pauperis* and seeks appointment of counsel.

19   The case is before the undersigned pursuant to petitioner's consent.  *See* 28 U.S.C. § 636; *see*

20   *also* E.D. Cal. Local Rules, Appx. A, at (k)(1)-(2).   The petition for a writ of habeas corpus,

21   ostensibly filed under 28 U.S.C. § 2241, contains challenges to petitioner's federal trial,

22   conviction, and sentencing, his state court proceedings, and the conditions of his federal

23   confinement.  For the reasons explained below, the petition must be dismissed with leave to

24   amend.  *See* 28 U.S.C. § 2243.

25         A federal judge entertaining a habeas petition "shall forthwith award the writ or issue an

26   order directing the respondent to show cause why the writ should not be granted, unless it

1

1  appears from the application that the applicant or person detained is not entitled thereto."  28

2  U.S.C. § 2243.  The petition must be dismissed if on initial review the court finds that "it plainly

3  appears from the petition and any attached exhibits that the petitioner is not entitled to relief in

4  the district court."  Rule 4, Rules Governing § 2254 Proceedings.  An application for federal

5  habeas relief must specify all grounds for relief, state facts supporting each ground and state the

6  relief requested.  Rule 2, Rules Governing § 2254 Cases.  While this court must liberally

7  construe the allegations of a prisoner proceeding without counsel, *see Roy v. Lampert*, 465 F.3d

8  964, 970 (9th Cir. 2006), the court cannot grant relief based on conclusory allegations not

9  supported by any specific facts, *Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995); *James v.*

10  *Borg*, 24 F.3d 20, 26 (9th Cir. 1994).

11  **I.  Background**

12       Due to the variety of issues raised by petitioner, a review of prior proceedings regarding

13  petitioner is necessary for the court to determine the propriety of the instant petition.

14       Petitioner is currently serving a 262-month sentence imposed by the U.S. District Court

15  for the District of Nebraska on November 17, 2005 after being convicted of distributing a

16  controlled substance.  Pet. at 2.  He was apparently convicted of the same crime by a Nebraska

17  state court, although the petition is less than clear as to when that conviction was sustained.  *Id.*

18  Petitioner states that he was sentenced by the state court in 1998 to a term of 18-24 months, but

19  also states that his state-court appeals were dismissed in 2009, long after any 18-24 month

20  sentence imposed in 1998 would have been served.  *Id.*

21       Petitioner's appeal of his federal conviction was denied by the Eighth Circuit on August

22  11, 2006.  *Id.*; *United States v. Wiig*, 190 Fed. Appx. 521 (8th Cir. 2006).  He then filed a motion

23  under 28 U.S.C. § 2255 with the District of Nebraska.  Pet. at 4; *United States v. Wiig*, No.

24  8:05CR245, 2008 U.S. Dist. LEXIS 2814 (D. Neb. Jan. 14, 2008).  In his § 2255 motion,

25  petitioner raised the following issues:

26  ////

2

1    (1) That his mother's sworn affidavit, which cast some doubt on her trial testimony

2 identifying a voice on a police recording of a controlled drug buy as belonging to petitioner,

3 established his actual innocence;

4    (2) That the trial court deprived him of his Sixth Amendment right to cross-examine

5 adverse witnesses by admitting into evidence the written statement of a confidential informant;

6    (3) That trial counsel was ineffective for a variety of reasons;

7    (4) That sentencing counsel was ineffective for failing to communicate with petitioner

8 prior to sentencing; and

9    (5) That appellate counsel was ineffective for a variety of reasons, including failing to

10 raise all non-frivolous issues on appeal (in one particular, failing to argue that petitioner's prior

11 state-court conviction should not have been used in the federal case (hereinafter "the prior

12 conviction issue"). *Id.* at \*4-13; *see also* Mem. of Law in Supp. of Title 28 U.S.C. § 2255

13 Motion to Vacate, Set Aside or Correct Sentence, *United States v. Wiig*, No. 8:05CR245 (D.

14 Neb.), Dckt. No. 71 (hereinafter "Pet'r's § 2255 Mot.") at 22, 31-32.[1]

15    The District of Nebraska denied petitioner's § 2255 motion. *Wiig*, 2008 U.S. Dist.

16 LEXIS 2814.  Petitioner's request for a certificate of appealability was denied by the United

17 States Court of Appeals for the Eighth Circuit. *Wiig v. United States*, No. 08-1320 (8th Cir.),

18 orders dated August 18, 2008 (denying certificate of appealability) & October 1, 2008 (denying

19 rehearing).  Petitioner then filed a motion in the district court asking the court to respond to his

20 argument that appellate counsel was ineffective for failing to raise the prior conviction issue.

21 Mot. for Response, *United States v. Wiig*, No. 8:05CR245 (D. Neb.), Dckt. No. 99.  The court

22 denied that motion, stating that "[t]he Defendant's § 2255 motion was denied. (Filing Nos. 79,

23

24    [1] The court takes judicial notice of the records of the United States District Court for the
District of Nebraska and the United States Eighth Circuit Court of Appeals in petitioner's
underlying criminal case, motion brought under 28 U.S.C. § 2255, and related appeals. *United*

25 *States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004) (stating that a court may take judicial
notice of court records in another case and citing Federal Rule of Evidence 201 and *United*

26 *States v. Wilson*, 631 F.3d 118, 119 (9th Cir. 1980)).

80.).  The Eighth Circuit denied a certificate of appealability. (Filing No. 84.).  The United States Supreme Court denied the Defendant's petition for a writ of certiorari. (Filing No. 98.)."  Order Denying Mot., *United States v. Wiig*, No. 8:05CR245 (D. Neb.), Dckt. No. 100.  Petitioner appealed that decision, and the Eighth Circuit granted the government's motion to dismiss the appeal on the grounds that the prior conviction issue had been raised and decided in the prior appeal.  *United States v. Wiig*, No. 09-2086 (8th Cir.), orders dated July 2, 2009 (granting motion to dismiss) & August 26, 2009 (denying rehearing).  Currently pending in the Eighth Circuit is a request by petitioner to file a successive § 2255 motion, arguing that he has newly discovered that the police committed misconduct to obtain the testimony of petitioner's mother at his trial.  Pet. for Permission to file a Successive Habeas Petition, *Wiig v. United States*, No. 10-2999 (8th Cir.), filed Sept. 10, 2010.

Petitioner then filed a petition for writ of habeas corpus, ostensibly under 28 U.S.C. § 2241, in the District of Nebraska.  Pet. at 4; *Wiig v. Ives*, No. 8:10CV233 (D. Neb.).  In that petition, petitioner raised these issues:

(1) That the district court, in ruling on his § 2255 motion, had failed to address the prior conviction issue;

(2) That, in a state court appeal, the Nebraska Court of Appeal had erroneously refused to allow him to correct his brief; and

(3)  That the district court erred in his federal criminal trial in using the prior state-court conviction.

Pet. for Writ of Habeas Corpus, *Wiig v. Ives*, No. 8:10CV233 (D. Neb.), Dckt. No. 1.  The court, construing the petition as brought under 28 U.S.C. § 2254, dismissed it without prejudice, finding that it lacked jurisdiction and that the proper court to hear the petition was this court, the Eastern District of California, because petitioner is incarcerated in Herlong, California.  Mem. & Order, *Wiig v. Ives*, No. 8:10CV233 (D. Neb.), Dckt. No. 6.

////

1    Petitioner then filed the instant petition, in which he raises the same three issues raised in

2  his petition to the District of Nebraska, along with one additional issue:  that the Bureau of

3  Prisons denied him due process by failing to provide him with access to necessary legal

4  materials while he was incarcerated at F.C.I. Beaumont in Beaumont, Texas.  Pet. at 6-8.

5  **II.  Motion to Proceed In Forma Pauperis**

6    Petitioner seeks leave to proceed *in forma pauperis*.  Dckt. No. 3; *see* 28 U.S.C.

7  § 1915(a).  Examination of the *in forma pauperis* affidavit reveals that petitioner is unable to

8  afford the costs of suit.  Accordingly, petitioner's motion to proceed *in forma pauperis* is

9  granted.

10  **III.  Motion for Appointment of Counsel**

11    Petitioner has also requested that the court appoint counsel.  Dckt. No. 3.  There currently

12  exists no absolute right to appointment of counsel in habeas proceedings.  *See Nevius v. Sumner*,

13  105 F.3d 453, 460 (9th Cir. 1996).  The court may appointment counsel at any stage of the

14  proceedings "if the interests of justice so require."  *See* 18 U.S.C. § 3006A(2)(B).  The court

15  does not find that the interests of justice would be served by the appointment of counsel at this

16  stage of the proceedings.  Accordingly, petitioner's motion for appointment of counsel is denied.

17  **IV.  Jurisdiction**

18    <u>Claims Relating to Federal Conviction.</u>  As summarized above, petitioner herein argues

19  that his federal trial court (the District of Nebraska) erred by: (1) using in some manner a prior

20  state court conviction and (2) failing to address the prior conviction issue raised in his § 2255

21  motion.  These issues challenge the legality of petitioner's sentence rather than its execution, and

22  thus must be brought under § 2255 in the court in which the petitioner was sentenced (the

23  "sentencing court") rather than under 28 U.S.C. § 2241 in the court for the geographic territory

24  encompassing the prison in which the petitioner is confined (the "custodial court").  *Hernandez*

25  *v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 2000).  Petitioner has, in fact, already raised the

26  prior conviction issue in his § 2255 motion in the District of Nebraska, in his appeal of the denial

1   of that motion, and in a second motion and appeal in his District of Nebraska case.

2         This general rule has one exception – under the savings clause of § 2255 (also known as

3   the "escape hatch"), a federal prisoner may challenge the legality of his sentence under § 2241 in

4   the custodial court where his remedy under § 2255 is inadequate or ineffective to test the legality

5   of his detention.  *Id.*; 28 U.S.C. § 2255(e).  "[A] motion meets the escape hatch criteria of

6   § 2255 when the petitioner (1) makes a claim of actual innocence, and (2) has not had an

7   unobstructed procedural shot at presenting that claim."  *Harrison v. Ollison*, 519 F.3d 952, 959

8   (9th Cir. 2008) (internal quotation marks omitted).  Petitioner's claims are not of actual

9   innocence, and petitioner's court record shows that he has had an unobstructed procedural shot at

10  presenting these claims in his § 2255 petition in the District of Nebraska.  Accordingly, this court

11  lacks jurisdiction to hear them under § 2241.  *Harrison*, 519 F.3d at 957 (jurisdiction over a

12  motion under § 2255 lies only in the sentencing court).

13        Moreover, as petitioner has raised the prior conviction issue already in a § 2255 motion,

14  and could have raised the issue of the trial court's use of the prior conviction in that motion,

15  these claims are "second or successive," and petitioner must obtain authorization from the court

16  of appeals to present these claims.  *United States v. Lopez*, 577 F.3d 1053, 1056-57 (9th Cir.

17  2009).  As petitioner has not obtained such authorization, this court lacks jurisdiction to review

18  the claims.  *Id.*  Accordingly, petitioner's claims relating to his federal conviction must be

19  dismissed.  As it is apparent that petitioner cannot bring these claims within this court's

20  jurisdiction, dismissal of these claims is without leave to amend.  *See Lopez v. Smith*, 203 F.3d

21  1122, 1128 (9th Cir. 2000) (indigent prisoner proceeding without counsel must be given leave to

22  file amended complaint unless the court can rule out any possibility that the plaintiff could state

23  a claim).

24        <u>Claim Regarding Conditions of Confinement.</u>  Petitioner argues that the Bureau of

25  Prisons denied him due process by failing to provide him with certain necessary legal materials

26  while he was incarcerated in Beaumont, Texas.  As this claim attacks the conditions of

1    petitioner's confinement rather than the fact or duration of that confinement, it is not cognizable

2    under 28 U.S.C. § 2241 but instead must be maintained as a civil rights action under *Bivens v Six*

3    *Unknown Named Agents*, 403 U.S. 388 (1971).  *See Tucker v. Carlson*, 925 F.2d 330, 332 (9th

4    Cir. 1990); *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003) ("[H]abeas jurisdiction is

5    absent, and a § 1983 action proper, where a successful challenge to a prison condition will not

6    necessarily shorten the prisoner's sentence."); *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir.

7    1991) (42 U.S.C. § 1983 and *Bivens* actions are identical save for replacement of state actor

8    under § 1983 by federal actor under *Bivens*).  Accordingly, petitioner's claim regarding the

9    conditions of his confinement while at F.C.I. Beaumont will be dismissed without prejudice to

10   petitioner raising the claim in an appropriate action under *Bivens*.

11   **V.  Challenge to State Court Proceedings**

12           Petitioner's sole remaining claim is that the Nebraska state appellate court erroneously

13   denied him permission to file a corrected appellate brief.  The court cannot discharge its

14   responsibility under Rule 4 of Rules Governing § 2254 Proceedings on the petition as it currently

15   stands, as petitioner has provided insufficient facts regarding his state-court conviction.  The

16   petition does not inform when petitioner sustained the state-court conviction he is currently

17   attacking or whether petitioner has served his state-court sentence.  Accordingly, the court will

18   dismiss petitioner's claim regarding the Nebraska state appellate court's disposition of his appeal

19   with leave to amend so that petitioner may file an amended petition providing sufficient detail

20   for the court's review.

21   **VI.  Order**

22           Accordingly, it is ORDERED that:

23           1.  Petitioner's motion to proceed *in forma pauperis* (Dckt No. 3) is granted;

24           2.  Petitioner's motion for appointment of counsel (Dckt. No. 2) is denied; and\

25   ////

26   ////

3.  The petition is dismissed as follows:

a.  Petitioner's claims regarding his federal trial, conviction, sentence, and post-conviction § 2255 motion are dismissed without leave to amend;

b.  Petitioner's claim that he was denied access to legal materials while incarcerated is dismissed without prejudice to petitioner bringing such claim in a separate appropriate action under *Bivens v Six Unknown Named Agents*, 403 U.S. 388 (1971); and

c.  Petitioner's claim regarding the Nebraska state appellate court's disposition of his appeal is dismissed with leave to amend within 30 days of the date of this order.  The amended petition must bear the docket number assigned to this case and be titled "First Amended Petition."

4.  Failure to comply with this order will result in this action being dismissed.

Dated:  January 24, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE