IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES E. WIIG,

        Petitioner,                      No. CIV S-10-1966 EFB P

    vs.

IVES,

        Respondent.                 ORDER

_____/

        Petitioner, a federal prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner is currently confined in the federal prison in Herlong, California. This case is before the undersigned pursuant to petitioner's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

        On January 25, 2011, the court dismissed the petition, granting petitioner leave to amend a single claim – that, in a state proceeding, the Nebraska Court of Appeal erroneously refused to allow petitioner to file a corrected brief. Dckt. No. 8. The court directed petitioner to file an amended petition with sufficient detail about the state proceedings so that the court could review the claim. On February 3, 3011, petitioner filed an amended petition. Dckt. No. 11. He has also filed a motion asking the court to rule on the merits of the claim raised in the state appellate proceeding (Docket No. 9) and a motion asking the court to transfer, rather than dismiss, the case if the court determines that it should have been brought under 28 U.S.C. § 2254 rather than 28 U.S.C. § 2241.

////

## I. Background

Petitioner pleaded no contest to one charge of selling methamphetamine in Hall County Nebraska on October 21, 1997. Dckt. No. 11, Am. Pet. at 5. He completed his sentence on June 22, 1998. *Id.* A few months later, petitioner was again arrested for selling methamphetamine and was charged in federal court for the offense. *Id.* Petitioner absconded from pretrial release, however, and was not located and tried until 2005, when he was convicted and sentenced to 262 months' imprisonment, which included a sentencing enhancement based on petitioner's prior conviction. *Id.*; *United States v. Wiig*, 190 Fed. App'x. 521, 523 (8th Cir. 2006). Petitioner challenged the conviction and sentence in a direct appeal as well as proceedings under 28 U.S.C. § 2255. These proceedings have been detailed in the court's prior screening order.[1]

In the meantime, petitioner filed a petition for writ of coram nobis in Hall County District Court, a Nebraska state court, arguing that his 1997 state conviction was invalid. Dckt. No. 11 at 5. The petition was filed in October 2007 and denied on June 5, 2009. *Id.* at 5-6. Petitioner appealed that decision to the Nebraska Court of Appeals, which ordered petitioner to file a replacement brief conforming to court rules about line spacing and citations. *Id.* at 6, 36. Before petitioner filed the replacement brief, however, the appellate court summarily dismissed the appeal under Nebraska Court Rule of Appellate Practice § 2-107(A)(2), which allows summary dismissal "[w]hen the court determines it lacks jurisdiction." *Id.* at 6, 37-39.

Petitioner then filed a petition for writ of habeas corpus, ostensibly under 28 U.S.C. § 2241, in the District of Nebraska. Pet. at 4; *Wiig v. Ives*, No. 8:10CV233 (D. Neb.). In that

---

[1] In short, petitioner's appeal of his federal conviction was denied by the Eighth Circuit on August 11, 2006. *Wiig*, 190 Fed. App'x. 521. He then filed a motion under 28 U.S.C. § 2255 with the District of Nebraska, which was also denied. Pet. at 4; *United States v. Wiig*, No. 8:05CR245, 2008 U.S. Dist. LEXIS 2814 (D. Neb. Jan. 14, 2008). Petitioner then filed a request in the Eighth Circuit to file a successive § 2255 motion, arguing that he had newly discovered that the police committed misconduct to obtain the testimony of petitioner's mother at his trial. Pet. for Permission to file a Successive Habeas Petition, *Wiig v. United States*, No. 10-2999 (8th Cir.), filed Sept. 10, 2010. The request was denied on December 23, 2010. Judgment, *Wiig v. United States*, No. 10-2999 (8th Cir.), filed Dec. 23, 2010.

petition, petitioner raised these issues:

    1.  That the district court, in ruling on his § 2255 motion, had failed to address the prior conviction issue;

    2.  That, in a state court appeal, the Nebraska Court of Appeal had erroneously refused to allow him to correct his brief; and

    3.  That the district court erred in his federal criminal trial in using the prior state-court conviction.

Pet. for Writ of Habeas Corpus, *Wiig v. Ives*, No. 8:10CV233 (D. Neb.), Dckt. No. 1.  The court, construing the petition as brought under 28 U.S.C. § 2254, dismissed it without prejudice, finding that it lacked jurisdiction and that the proper court to hear the petition was this court, the Eastern District of California, because petitioner is incarcerated in Herlong, California.  Mem. & Order, *Wiig v. Ives*, No. 8:10CV233 (D. Neb.), Dckt. No. 6.

    The instant petition followed, in which petitioner raised the same three issues raised in his petition to the District of Nebraska, along with one additional issue: that the Bureau of Prisons denied him due process by failing to provide him with access to necessary legal materials while he was incarcerated at F.C.I. Beaumont in Beaumont, Texas.  Pet. at 6-8.  As mentioned above, the court dismissed all issues without leave to amend, save the issue regarding petitioner's brief in the Nebraska Court of Appeal.

**II.  Screening**

    A federal judge entertaining a habeas petition "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  The petition must be dismissed if on initial review the court finds that "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing § 2254 Proceedings. An application for federal habeas relief must specify all grounds for relief, state facts supporting each ground and state the

relief requested. Rule 2, Rules Governing § 2254 Cases. While under Ninth Circuit precedent, this court must liberally construe the allegations of a prisoner proceeding without counsel, *see Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006), the court cannot grant relief based on conclusory allegations not supported by any specific facts, *Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995); *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).

In the order of January 25, 2011, the court informed petitioner that he had not provided sufficient facts for the court to review his claim that the Nebraska appellate court erroneously denied him permission to file a corrected appellate brief. Petitioner has provided some additional facts, but these facts fail to make out a cognizable federal claim for relief.

First, the court notes that the documents appended to the amended petition reveal that petitioner's appeal of the denial of his state coram nobis petition was not dismissed for failure to file a typographically-correct brief, but because the appellate court determined it lacked jurisdiction, as that court's citation to Nebraska Court Rule of Appellate Practice § 2-107(A)(2) makes clear.

Second, while petitioner takes issue with the fact that his appeal was summarily dismissed with no rationale beyond the citation to § 2-107(A)(2), petitioner does not point to any authority, and the court is not aware of any, that holds that such summary orders offend the federal Constitution. *Cf. Harrington v. Richter*, ___ U.S. ___, 131 S. Ct. 770, 784-85, 178 L. Ed. 624 (2011) (discussing effect of summary denials of state habeas petitions on federal habeas review under 28 U.S.C. § 2254 with no indication that such summary denials themselves are constitutionally infirm). While federal courts generally grant pro se litigants an opportunity to correct deficiencies before their cases are dismissed, this rule has not been held to apply to state courts as a federal constitutional mandate and, further, applies only where the court cannot rule out the possibility that the litigant can state a claim. *E.g., Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (indigent prisoner proceeding without counsel must be given leave to file amended complaint unless the court can rule out any possibility that the plaintiff could state a

4

claim). In addition, the petition and appended documents show clearly that petitioner was not denied access to the state courts; rather, petitioner successfully accessed the courts by filing his state appeal, which was denied for lack of jurisdiction.

Lastly, petitioner has provided the court with no facts or argument showing that the state court's dismissal of his coram nobis petition appeal for lack of jurisdiction was unconstitutional or otherwise violated federal law. *See* 28 U.S.C. § 2241 (providing for habeas relief where the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States"); 28 U.S.C. § 2254 (same). Petitioner has not provided this court with a copy of his coram nobis petition or related appellate brief or described the arguments raised therein. While petitioner states that he lost his state appellate brief and asks the court to obtain it itself from the Nebraska court, it is petitioner's obligation to provide the court with sufficient facts and argument to rule on his claims. As petitioner has failed to state a claim for relief that is cognizable in a federal habeas petition despite having been provided an opportunity to amend the petition to do so, the court will dismiss the petition without leave to amend.

**III. Order**

Accordingly, it is ORDERED that:

1. The petition is dismissed without leave to amend, and the Clerk is directed to close the case.

2. Petitioner's motions filed January 26, 2011 (Docket Nos. 9 and 10) are denied as moot.

3. The court declines to issue a certificate of appealability.

Dated: March 2, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5